## LAWRENCE HICKEY
*vs.*
## GRACE PARKER HICKEY

Superior Court      New Haven County      File No. 58423

MEMORANDUM FILED OCTOBER 18, 1940.

*William F. Healy,* of Derby, for the Plaintiff.

*T. Holmes Bracken,* of New Haven, for the Defendant.

INGLIS, J. This is an action for divorce on the grounds of desertion and habitual intemperance.

The evidence is undisputed that the parties separated in December of 1934, and have not lived together since. The circumstances surrounding the separation, however, are that the plaintiff left the defendant without compulsion and without just cause. Accordingly, except for the fact that the defendant acquiesced in his leaving, he is the one who deserted her. He, therefore, is not entitled to a divorce on the ground of desertion.

So far as the claim of habitual intemperance is concerned, it appears that while the parties were living together, they frequently drank together in the home and outside at parties. On many occasions the defendant drank to excess. They quarreled frequently over financial matters and other things but never over the wife's drinking except on one occasion at a New Year's party where the wife drank a glass of wine after the plaintiff in a lordly fashion forbade her to do so. As a result of that, the plaintiff became angry, left the defendant and lived away from her for six or seven months while she was pregnant.

The wife's drinking habits were acquired and continued by force of the plaintiff's own example. They did not materially affect her housekeeping nor did they, in themselves, cause any material damage to the marriage relationship. The trouble between these parties was caused by things other than the wife's drinking habits.

Since the separation in December, 1934, the defendant has been more intemperate in her drinking. She has been arrested four times on charges either of drunkenness or operating a motor vehicle while under the influence of intoxicating liquor or both. In December, 1939, she was sentenced to serve 60 days in jail on a charge of operating a motor vehicle while under the influence of intoxicating liquor. These arrests and convictions, however, except for the disagreeable publicity, have had no serious nor harmful effects upon the plaintiff. Since her last conviction the defendant has not drunk intoxicating liquor, at least to excess.

In order to constitute it a ground for divorce, habitual intemperance must be such that it produces at least some substantial suffering and does material harm to the marriage relationship. *Dennis vs. Dennis,* 68 Conn. 186, 192; *Purcell vs. Purcell,* 101 id. 422, 423. The intemperance of the defendant

in this case has not been so gross that it has caused the plaintiff anything much more than inconvenience and a small amount of shame. A marriage should not be dissolved on such slight provocation.

Judgment may enter denying the divorce.